IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LESLIE JOHNSON, | § | |
| Plaintiff, | § | |
| v. | § | NO.  EP-15-CV-0189-LS |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this civil action seeking judicial review of an administrative decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas, the case was transferred to a United States Magistrate Judge to conduct any and all further proceedings in the cause, including trial and entry of judgment. [ECF No. 12] For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. FACTS AND PROCEEDINGS[1]

In August 2013 Plaintiff filed an application for DIB benefits with an alleged onset date of December 1, 2011, due to limitations caused by his medical conditions. (R:21, 155) After his application was denied initially and on reconsideration, Administrative Law Judge (ALJ) Gary

---

[1] Reference to the Administrative Record, contained in Docket Entry Number 10, is designated by an "R" followed by the page number(s).

1

Vanderhoof held a hearing in April 2015. (R:21, 37-59) The ALJ issued a decision on April 16, 2015, concluding that Plaintiff was not disabled. (R:21-29) The Appeals Council denied review, making the ALJ's decision the final administrative decision of the Commissioner. (R:13-16) This appeal followed.

**II. ISSUES**

Plaintiff contends that the ALJ erred in giving no weight to the 90% disability rating he received from the Department of Veterans Affairs (VA) without setting forth valid reasons for rejecting the VA determination. He contends that the case should be reversed, or in the alternative, remanded for further administrative proceedings.

**III. STANDARD OF REVIEW**

Judicial review of the Commissioner's decision is limited to two inquiries: whether the decision is supported by substantial evidence on the record as a whole; and whether the Commissioner applied the proper legal standard. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Id.* Conflicts in the evidence are for the Commissioner and not for the courts to resolve. *Perez*, 415 F.3d at 461.

**IV. EVALUATION PROCESS**

A claimant bears the burden of proving disability, which is defined as any medically

determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1); 20 C.F.R. § 404.1505(a); *Masterson*, 309 F.3d at 271.

The ALJ evaluates disability claims according to a sequential five-step process:

1. Is the claimant engaged in substantial gainful activity?
   A claimant who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings;

2. Does the claimant have a "severe" impairment?
   A claimant who does not have a severe impairment or combination of impairments will not be found disabled;

3. Does the impairment meet or equal the severity of an Appendix 1 impairment?
   A claimant who has an impairment or combination of impairments that meets or equals the severity of an impairment listed in Appendix 1 to the regulations will be considered disabled without consideration of vocational factors;

4. Is the claimant able to perform his past relevant work?
   If a claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. Is the claimant able to perform other substantial gainful work in the economy?
   If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into account age, education, past work experience, and residual functional capacity, a finding of disabled will be made.

*Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991); *see also* 20 C.F.R. § 404.1520.

Before proceeding from step 3 to step 4, the Commissioner must assess the claimant's residual functional capacity (RFC) which is defined as the most the claimant can still do despite his physical and mental limitations. *See Perez*, 415 F.3d at 461-62. The RFC is used at step 4 to determine if the claimant can continue to perform his past relevant work. *Id.* at 462. At step 5 the RFC is used to determine whether the claimant is capable of performing any other work. *Id.*

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant meets this burden, the burden then shifts to the Commissioner at step 5 to show that there is other gainful employment available that the claimant is capable of performing in spite of his existing impairments. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). If the Commissioner meets this burden, the claimant must then prove that he cannot perform the alternate work. *Id.*

The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett*, 67 F.3d at 564. "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Id.*

The mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments and how they affect his ability to work. *See* 20 C.F.R. § 404.1512(c). His own subjective complaints without objective medical evidence of record are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

## V. THE ALJ'S DECISION

After reviewing the record evidence, the ALJ made the following determinations:

1. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. (R:23)

2. Plaintiff had not engaged in substantial gainful activity since December 1, 2011, the alleged onset date. (R:23)

3. Plaintiff had severe impairments of: disorders of the back; asthma; obstructive sleep apnea; minor hearing loss; and obesity. (R:23)

4. Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:23)

5. Plaintiff retained the residual functional capacity to perform light work with additional postural and environmental limitations. (R:24) *See* 20 C.F.R. § 404.1567(b).[2]

6. Plaintiff was not capable of performing his past relevant work. (R:28)

7. Considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (R:28)

Consequently, the ALJ concluded that Plaintiff was not disabled from his alleged onset date through the date of the ALJ's decision. (R:29)

## VI. DISCUSSION

Plaintiff contends that the ALJ erred in rejecting without a valid explanation the 90% disability rating Plaintiff received from the Department of Veterans Affairs (VA) for his service-connected disabilities. The VA calculated a combined service-connected disability rating of 90% and awarded Plaintiff benefits at a 100% rate because it considered him unemployable due to his disabilities. (R:708, 711, 712) The ALJ gave no weight to the VA disability rating, however, stating that it was "not based on the Social Security Administration disability program's five-step sequential process." (R:27) He further stated that "the issue of disability for Social Security Administration purposes is a finding reserved for the Commissioner," and that what constitutes disability in this forum "is distinct" from a disability determination by the VA. (R:27-28) Plaintiff argues that the reasons given by the ALJ do not reflect that he gave meaningful consideration to

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

the VA rating and that his failure to give valid reasons constitutes legal error.

"A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ."[3] *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). In *Chambliss*, the Fifth Circuit stated that while a VA disability determination is entitled to "great weight" in most cases, the relative weight afforded to the determination is contingent upon the factual circumstances of each case. *Id.* The Court further stated that because the regulations for disability status differ between the Social Security Administration and the VA, ALJs need not give "great weight" to a VA disability rating if they adequately explain valid reasons for not doing so. *Id.*

In the present case, the ALJ stated that he considered the VA disability determination but did not afford it any weight because it was not based on the Social Security Administration disability program's evaluation process. Despite the fact that the Plaintiff had a 90% VA disability rating and was awarded benefits at a rate of 100%, the ALJ nonetheless dismissed the VA determination without providing specific reasons for the rejection. Defendant argues that while the ALJ did not expressly articulate his reasons for rejecting the VA disability rating, any error is harmless because the ALJ considered much of the same evidence that the VA considered but simply reached a different conclusion. However, merely reciting the medical evidence upon which a VA rating may be based without a meaningful discussion of the rating itself is insufficient to justify rejection of a VA disability determination. *See Beach v. Colvin*, No. 6:14-CV-023-BL,

---

[3] *See* 20 C.F.R. § 404.1504 (a determination made by another agency that the claimant is disabled is not binding on the Commissioner); *see also* Social Security Ruling 06-3p ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.").

2016 WL 1178954 at * 7 (N.D. Tex. Feb. 25, 2016), *adopted by* 2016 WL 1248909 (N.D. Tex. Mar. 25, 2016); *Schenkler v. Colvin*, No. 3:14-CV-3214-P (BF), 2015 WL 5611497 at *4 (N.D. Tex. Aug. 11, 2015), *adopted by* 2015 WL 5611193 (N.D. Tex. Sept. 23, 2015). Moreover, the fact that a VA disability determination is not binding on the Commissioner is not a valid basis to reject a VA disability rating. *See Schenkler*, 2015 WL 5611497 at *4.

While the ALJ did discuss medical records from the VA, he only mentioned the award of VA disability benefits once and did not mention the VA disability rating at all. Without a meaningful discussion in the ALJ's decision, there is no indication that the ALJ properly scrutinized the VA disability rating. Therefore, the ALJ's failure to properly discuss the VA disability rating constitutes reversible error warranting a remand. *See Welch v. Barnhart*, 337 F.Supp.2d 929, 936 (S.D. Tex. 2004) (although ALJ discussed claimant's treatment at VA facilities, he did not discuss VA disability rating, thereby committing reversible error). Accordingly, the case must be remanded for proper consideration of the VA disability rating.

## VII. CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be REVERSED and REMANDED to the ALJ for sufficient consideration of Plaintiff's VA disability determination.

**SIGNED** and **ENTERED** on July 20, 2016.

LEON SCHYDLOWER
UNITED STATES MAGISTRATE JUDGE